UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **RAMON VILLALONA,** as an individual and on behalf of others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**TRINITY FINANCIAL SERVICES, LLC,**<br>**Defendant.** | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant TRINITY FINANCIAL SERVICES, LLC, (hereinafter "Defendant" or "Trinity") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of himself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Ramon Villalona, ("Villalona") is a natural person residing in Brooklyn, New York.

4. Mr. Villalona is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

2. Upon information and belief Defendant TRINITY FINANCIAL SERVICES, LLC and is a foreign limited liability company with a principal business address of 2618 San Miguel Drive, Suite 303, Newport Beach, California 92660.

3. Upon information and belief, Defendant Trinity purchases distressed mortgages directly from major lenders and banks.

4. Defendant Trinity at all relevant times hereafter described, did transact, and does now presently transact, loan mortgage servicing business in the State of New York. Defendant Trinity is authorized to conduct business in the State of New York as it is registered with the New York State Department of State with an address of 609 E. Pine Street, Orlando Florida 32801.

5. Upon information and belief Defendant Trinity is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

6. Defendant is or was engaged in the collection of debts from consumers and regularly attempts to collect consumer debts alleged to be due to another.

7. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

8. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

9. The Plaintiff realleges and incorporates ¶¶1-8 above as if fully set out herein.

10. On or about July 24, 2007, Plaintiff purchased the real property located at 569 46th Street Brooklyn, New York 11220.

11. Upon information and belief, to purchase the property, Plaintiff obtained both primary and secondary mortgages. Plaintiff's secondary mortgage was obtained from National City Bank in the amount of $240,000.00 on or about July 24, 2007.

12. Subsequently, in 2008, Plaintiff's secondary mortgage lien was transferred to PNC Bank, NA when PNC officially purchased National City Bank.

13. Upon information and belief, Plaintiff's secondary mortgage note was purportedly assigned to Trinity Financial Services, LLC ("Trinity"), sometime in 2010.

14. After this alleged assignment, Plaintiff never received any mortgage statements from Trinity. However, Plaintiff received statements from a company known as Strategic Recovery Group ("Strategic").

15. It is important to note that Plaintiff never received any notice from PNC Bank that it had transferred his debt to another entity, namely Trinity. Plaintiff firmly believed that Strategic Recovery Group was the lien holder.

16. On or about November 9, 2012, Plaintiff filed for relief under chapter 7 of the United States Bankruptcy Code.

17. At the time of Plaintiff's petition filing, Plaintiff's secondary mortgage lien with Strategic was in the amount of $239,668.72.

18. Plaintiff's real property was listed on Schedule A of the bankruptcy petition and the debt with Creditor Strategic was listed on Schedule F of Plaintiff's bankruptcy petition.

However, on or about December 18, 2012, Plaintiff amended his petition to remove the debt with Creditor Strategic from Schedule F and add it to Schedule D of the petition.

19. Additionally, PNC Bank, NA was listed on Plaintiff's Creditor Mailing Matrix, as an entity to be notified of the bankruptcy filing.

20. As with all bankruptcies, a notice of bankruptcy filing was sent by first class mail sent to Strategic and PNC Bank by the court on or about November 16, 2012.

21. Throughout the course of Plaintiff's bankruptcy, Plaintiff has never executed a reaffirmation agreement with Defendant Trinity or any other entity regarding the second mortgage lien and no reaffirmation agreement was ever filed with the bankruptcy court.

22. On or about February 20, 2013, Plaintiff was granted a discharge of his debts by the order of Hon. Carla E. Craig, Bankruptcy Judge in the Eastern District of New York. As such, Plaintiff's bankruptcy case was closed and her debts were discharged.

23. On or about February 22, 2013, the court sent or caused to be sent to PNC Bank and Strategic a notice of bankruptcy discharge.

24. Upon the discharge of bankruptcy, an injunction goes into effect, which precludes and stops any and all collection activities against the debtor for debts incurred prior to the filing of bankruptcy.

25. As such, as to the Plaintiff, the discharge injunction precludes all creditors and debt collectors from collecting debts incurred on or before November 9, 2012. Upon information and belief, Plaintiff's second mortgage debt was incurred prior to Plaintiff's filing of bankruptcy.

26. However, post-bankruptcy discharge, on or about November 29, 2016, a collection letter was sent or caused to be sent to Plaintiff by Trinity Financial LLC, notifying him that his

payments on the discharged mortgage loan were overdue, seeking to collect monies on the secondary mortgage lien.

27. This communication was for the purpose of collecting monies purportedly owed by Plaintiff ("Collection Communication"). Defendant Trinity's collection letter to Plaintiff indicated in no terms to Plaintiff that he had a personal obligation to pay the debt.

28. Defendant Trinity now seeks to collect a debt from Plaintiff that was discharged through bankruptcy. Plaintiff has no knowledge of how Trinity obtained Plaintiff's file post-bankruptcy discharge or the exact date of transfer of the file to Trinity.

29. Consequently, notwithstanding that fact and presuming without conceding that Trinity received the file after debtor filed his bankruptcy petition and was granted a discharge of his debts, Defendant has both the means and responsibility under applicable statutes, including without limitations, the Fair Debt Collection and Practices Act and the Fair Credit Reporting Act, to determine whether a particular consumer/debtor has filed a bankruptcy petition and/or was granted a discharge of his/her debts.

30. Debt collectors routinely check credit reports and run searches via names through PACER. These are two of the common practices of debt collectors.

31. Consequently, Defendant Trinity engaged in these common practices and maliciously still sought to collect the debt from the Plaintiff.

32. In the alternative, presuming without conceding, that Trinity, did not engage in the practices described in ¶ 30, they are still liable as described herein

33. Defendant Trinity's actions attempted to coerce the Plaintiff into paying a discharged debt.

34. By seeking to collect this discharged debt from Plaintiff, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

35. By seeking to collect this discharged debt from Plaintiff, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

36. By seeking to collect this discharged debt from Plaintiff, Defendant attempted to collect a debt not authorized or permitted by law.

37. By seeking to collect this discharged debt from Plaintiff, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

38. Trinity's collection activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f and 1692f(1), amongst others.

39. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## V. PRACTICES OF DEFENDANT

40. It is or was the policy and practice of Defendant to collect or attempt to collect debts from consumers whose debts have been discharged.

41. It is or was the policy and practice of Defendant to collect or attempt to collect debts not permitted or authorized by law.

42. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

43. That the Defendant intentionally and knowingly and/or carelessly and recklessly send or caused to be sent collection letters on a mass scale for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

44. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

45. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

46. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt; making false and misleading representations in connection to the character, amount and legal status of an alleged debt; and utilizing false representations or deceptive means to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law; attempting to collect an

amount not permitted by law; caused charges to be made to the consumer; and unlawfully disabled the consumer's property.

47. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## VII. CLASS ALLEGATIONS

48. The causes of action are brought on behalf of Plaintiff and the members of a class.

49. The class consists of consumers who received the same form notice, as did the Plaintiff.

50. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection notice (a) bearing the Defendant's information in substantially the same form as the notice sent to the Plaintiff on or about November 29, 2016 and subsequent "undated" notices; (b) the collection notice was sent to consumers who filed for relief under the United States Bankruptcy Code and was subsequently granted a discharge of their debts; (c) the collection notice was sent to the consumers after they were granted a discharge of their debts; (d) the collection notice was sent to consumers seeking payment of a discharged debt; and (e) the collection notice was not returned by the postal service as undelivered; (f) the collection notice sent to consumers contradicted and confused the consumers as to their rights; and (g) 1692(f) the collection notice sent to consumers highlighted Defendant's unfair practices in attempting to collect a debt by means of duress and coercion.

51. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

52. a.  Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

    b.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class member. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    c.  The only individual issue is the identification of the consumers who received the notices, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    d.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    e.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. Collection notices, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## VIII. CLAIMS FOR RELIEF

## COUNT I

### Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

56. Plaintiff adopts and realleges the foregoing as fully stated herein.

57. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See*, 15 U.S.C. § 1692d.

58. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge of debts was granted and violating the discharge injunction.

59. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

60. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

61. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

62. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

63. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

64. Plaintiff adopts and realleges the foregoing as fully stated herein.

65. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See*, 15 U.S.C. § 1692e.

66. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge of debts was granted and violating the discharge injunction.

67. Defendant's violation of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

68. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

69. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

70. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k(a)(1).

71. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

72. Plaintiff adopts and realleges the foregoing as fully stated herein.

*73.* Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. <u>See</u>, *15 U.S.C. § 1692e(2).*

74. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after a discharge of debts was granted and representing to Plaintiff that the alleged debt was a viable account which could be paid and collected.

75. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

76. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

77. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

78. Defendant's violations of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

79. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

80. Plaintiff adopts and realleges the foregoing as fully stated herein.

81. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See,* 15 U.S.C. § 1692f.

82. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge of debts was granted and violating the discharge injunction.

83. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

84. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

85. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

86. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692f(1) Of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

87. Plaintiff adopts and realleges the foregoing as fully stated herein.

*88.* Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. § 1692f(1).

89. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, is clearly not permitted by law.

90. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

91. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

92. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

93. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

94. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI
## Violations of the New York General Business Law § 349

95. Plaintiff adopts and realleges the foregoing as fully stated herein.

96. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

97. GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

      i. *h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court*

> *finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

98. It is the regular business practice of Defendant to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendant engaged in such a deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

99. It is the regular business practice of Defendant to make false threats against consumers as a means to pressure the alleged debtor. Defendant engaged in such deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

100. By unlawfully harassing Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

101. By unlawfully seeking to collect a debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

102. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

103. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Ramon Villalona prays that this Court:

1. Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. Create a common fund available to provide notice of and remedy Defendant's violations;

3. Declare that Defendant violated the FDCPA;

4. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant for Plaintiff;

5. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

6. Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

7. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ramon Villalona demands trial by jury.

Respectfully submitted,

Dated: July 10, 2017

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:   (212)  766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**